# NO. 12-21-00069-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FARREL KIM ROUSSEAU,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Farrel Kim Rousseau appeals his conviction for deadly conduct. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

In 2011, Appellant was charged by indictment with deadly conduct, a third-degree felony.[1] Appellant elected to enter a plea of "guilty" to the indictment in exchange for the State's recommendation for community supervision. The agreement also included the State's consent to the trial court's consideration of two unadjudicated offenses, identified as "DA 11-01783-1 possession of marijuana" and "DA 11-02859-1 prohibited weapon" on the plea paperwork.[2] On October 25, Appellant entered his "guilty" plea. The trial court set the

---

[1] TEX. PENAL CODE ANN. § 22.05 (b)(2) (West Supp. 2021) ("A person commits an offense if he knowingly discharges a firearm at or in the direction of...a habitation...and is reckless as to whether the habitation...is occupied."), (e) (... "An offense under subsection (b) is a felony of the third degree.").

[2] *Id.* § 12.45 (a) (West 2019) ("A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.").

sentencing hearing and ordered a presentence investigation report (PSI). On November 14, the trial court held Appellant's sentencing hearing and elected to follow the State's recommendation. The trial court found Appellant guilty of deadly conduct, sentenced him to ten years of imprisonment, but suspended the imposition of sentence and placed Appellant on community supervision for eight years. Appellant acknowledged his guilt in the two unadjudicated offenses at the October 25 hearing, and the trial court considered those offenses in Appellant's sentencing.

On December 18, 2020, the State filed a motion to revoke Appellant's community supervision, alleging that Appellant violated several conditions of his community supervision. Specifically, the State alleged that Appellant used marijuana and failed to submit to a urinalysis at the request of the supervision officer. On April 1, 2021, the trial court held a hearing on the State's motion. At the hearing, Appellant pleaded "true" to the State's allegations. The trial court found the allegations "true," revoked Appellant's community supervision, and sentenced him to ten years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3] We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403,

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such brief has expired and no pro se brief has been filed.

407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby **granted**, and the trial court's judgment is **affirmed**. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 22 S.W.3d at 408 n. 22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 22 S.W.3d at 408 n.22.

Opinion delivered May 25, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 25, 2022**

**NO. 12-21-00069-CR**

**FARREL KIM ROUSSEAU,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0802-11)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*